# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

|  |  |
|---|---|
| IN THE MATTER OF TWO ADMINISTRATIVE SUBPOENAS *DUCES TECUM* SERVED UPON STEVEN P. AMATO, D.C. ON JANUARY 25, 2005 | ) ) ) ) ) ) **Docket No. 05-MC-29-P-S** ) ) ) ) ) |

## ORDER DENYING STAY PENDING APPEAL

Before the Court is Dr. Amato's Motion to Stay Enforcement of the Administrative Subpoenas During the Pendency of His Appeal (Docket # 19). Per the Court's expedited briefing deadline, the Government has filed a response opposing the requested stay.

As this Court has previously explained in a related case involving the search warrant executed against Dr. Amato, the Court considers four factors in deciding whether to grant a stay pending appeal: "the likelihood that the party seeking a stay will succeed on the merits in its appeal; whether the party seeking a stay will undergo irreparable harm if the court does not issue a stay; whether the court's issuance of a stay will result in substantial harm to other parties interested in the proceedings; and where the public interest lies. The consideration of these factors is an equitable one, and a strong showing of one factor may compensate for a weak showing of other factors." In the Matter of the Search of Offices and Storage Areas Utilized by Stephen P. Amato, D.C., No. 05-mj-05 (D. Me. July 5, 2005) at 1-2 (*quoting* Maine v. United States Department of the Interior, No. Civ. 00-122-B-C, 2001 WL 98373 at *2 (D. Me. Feb. 5, 2001).)

Having considered all of the arguments and representations made in the submissions of the parties in light of these four facts, the Court DENIES Dr. Amato's request for a stay pending appeal. In reaching this conclusion, the Court has considered Dr. Amato's low likelihood of success on the merits given the existing precedents addressing similar constitutional arguments. Moreover, the Court cannot find that Dr. Amato will suffer irreparable harm in the absence of a stay. Rather, if the subpoenaed documents were eventually

utilized by the Government in a prosecution, Dr. Amato would have the opportunity to argue any Fourth and Fifth Amendment violations via a motion to suppress. Similarly, if Dr. Amato's appeal of this Court's decision on his motion to quash was ultimately successful, he could still secure meaningful relief via the Government being ordered to return of any subpoenaed records. In light of the Government's representations regarding the five year statute of limitations applicable to this case, the Court concludes that a stay would potentially irreparably harm the Government's ability to effectively investigate and prosecute any fraud or other crimes that may have occurred back in 2000. Because the public has an interest in ensuring that such investigations and prosecutions are effective, the Court finds that the public interest similarly tilts in favor of denying the stay sought by Dr. Amato. Therefore, Dr. Amato's Motion to Stay (Docket # 19) is DENIED.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 29th day of July, 2005.